Exhibit 7, 03-CV-5772, JUDGE SIM LAKE, FINAL JUDGMENT AND CONSENT AND UNDERTAKING SIGNED BY DANIEL GORDON

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL L. GORDON,<br><br>Defendant. | H 03 5772<br><br>Civil Action No.<br><br>**CONSENT AND UNDERTAKING OF DANIEL L. GORDON** |

1. Daniel L. Gordon acknowledges having been served with the Complaint in this action, enters a general appearance, admits the Court's jurisdiction over him and over the subject matter of this action, and waives the filing of an answer.

2. Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Mr. Gordon admits), Mr. Gordon hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a) permanently restrains and enjoins Mr. Gordon from violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], Sections 13(a), 13(b)(2) and 13(b)(5) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m (b)(2) and 78m(b)(5)] and Rules 12b-20, 13a-1, 13a-13, and 13b2-1 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-13, and 240.13b2-1]; and

(b) prohibits Mr. Gordon from acting as an officer or director of any issuer of securities that has a class of securities registered pursuant to Section 12 of the Exchange Act or that is required to file reports pursuant to Section 15(d) of such Act.

3. Mr. Gordon acknowledges having been fully advised and informed of his right to a judicial determination of this matter.

4. Mr. Gordon waives the entry of findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure.

5. Mr. Gordon waives any right he may have to appeal from the entry of the Final Judgment.

6. Mr. Gordon voluntarily consents to the entry of the Final Judgment and acknowledges that no tender, offer, promise or threat of any kind whatsoever has been made by the Securities and Exchange Commission or any member, officer, agent or representative thereof to induce him to so consent.

7. Mr. Gordon undertakes and agrees that, at the Commission's request, on reasonable notice and without service of a subpoena, he will provide information, discovery, and testify truthfully at any deposition, judicial or administrative proceeding, or private investigation of the SEC, including the SEC's private investigation entitled In the Matter of Enron Corp., related to the Complaint filed herein or any allegations therein and any litigation or proceeding based hereon or related to any other proceeding brought by the Commission as a result of this proceeding, including, but not limited to, the trial of any claims arising out of the SEC's private investigation entitled In the Matter of Enron Corp. Any such notice or subpoena may be served and may request testimony beyond the territorial limits imposed by

Rule 45 of the Federal Rules of Civil Procedure, and Mr. Gordon consents to personal jurisdiction over him in any United States District Court for purposes of enforcing any such subpoena, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Mr. Gordon's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates.

8. Mr. Gordon agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9. Mr. Gordon (i) understands the SEC's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint," 17 C.F.R. § 202.5(e); (ii) agrees not to make or permit any public statement directly or indirectly denying the allegations of the Complaint or creating the impression that the Judgment is without factual basis; (iii) and agrees that if he breaches this agreement, the SEC may move the Court to vacate the judgment and restore this action to its active docket. Nothing in this provision affects Mr. Gordon's right to take legal or factual positions in litigation in which the SEC is not a party, or his testimonial obligations in any matter.

10. Mr. Gordon acknowledges and agrees that this proceeding and his Consent are for the purposes of resolving this proceeding and any Commission matter against him arising from the SEC's investigation entitled In the Matter of Enron Corp., in conformity with the provisions of 17 C.F.R. 202.5(f), and do not resolve, affect, or preclude any other proceeding which may be brought against him, including proceedings by the Attorney General or the

Department of Justice. Consistent with the provisions of 17 C.F.R. 202.5(f), Mr. Gordon waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy herein. Mr. Gordon acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.

11. Mr. Gordon agrees that he will not oppose the enforcement of the Final Judgment on the ground that it fails to comply with Rule 65(d)of the Federal Rules of Civil Procedure, and hereby waives any objection he may have based thereon.

12. Mr. Gordon agrees that the Final Judgment, in the form attached hereto, and incorporated herein by reference, may be presented by the SEC to the Court for signature and entry forthwith and without further notice.

13. Mr. Gordon waives service of the Final Judgment entered herein upon him and agrees that the entry of the Final Judgment by the Court and the filing with the Clerk in the United States District Court for the Southern District of Texas will constitute notice upon him of the terms and conditions of such Final Judgment.

14. Mr. Gordon understands that any violation of any of the terms of the Final Judgment may place him in contempt of this Court, subject him to civil or criminal sanctions, or both.

15. Mr. Gordon hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to pursue reimbursement of attorney's fees or other fees, expenses, or costs expended by him to defend against this action. For these purposes, Mr. Gordon agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement.

16. Mr. Gordon agrees that this Court shall retain jurisdiction over this action for all purposes including implementing and carrying out the terms of the Final Judgment, and granting such additional relief as the Court may deem necessary and just.

17. Mr. Gordon represents that he has read this Consent before signing it.

DATED: December __, 2003

Daniel L. Gordon

On this day of December 18, 2003, Daniel L. Gordon being known to me and who executed the foregoing Consent, personally appeared before me and did duly acknowledge to me that he executed the same.

Notary Public

My Commission Expires: July 31, 2005

ALAN LEVINE
Notary Public, State Of New York
No. 02LE4735013
Qualified In New York County
Commission Expires July 31, 2005

Approved as to form:

Attorney for Defendant Daniel L. Gordon

Case 4:25-cv-05712 Document 2-1 Filed on 12/05/25 in TXSD Page 6 of 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, Plaintiff, | § | Civil Action No. |
| v. | § | |
| DANIEL L. GORDON, Defendant. | § | **FINAL JUDGMENT AGAINST DANIEL L. GORDON** |

Plaintiff Securities and Exchange Commission ("SEC"), having filed a Complaint in this action; and the Defendant Daniel L. Gordon having waived service of process; having entered a general appearance; having consented to venue of this action; having admitted jurisdiction of this Court over him and over the subject matter of this action; having been fully advised and informed of his right to a judicial determination of this action; having waived the filing of an answer and the entry of findings of fact and conclusions of law as provided by Rule 52 of the Federal Rules of Civil Procedure; having waived any right he may have to appeal from the entry of this Final Judgment; having consented to the entry of this Final Judgment without admitting or denying any of the allegations in the Complaint, except as specifically set forth in the Consent and Undertaking of Daniel L. Gordon ("Consent"); it appearing that no notice of hearing upon entry of this Final Judgment being necessary; and the Court being fully advised in the premises;

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Daniel L. Gordon, his

agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act")[15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] promulgated thereunder, directly or indirectly, by, through the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

A. employing any device, scheme, or artifice to defraud;

B. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

C. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Daniel L. Gordon, his agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 13(a) of the Exchange Act [15 U.S.C. 78m(a)] and Rules 12b-20, 13a-1, and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, & 240.13a-13] by filing or causing to be filed with the Commission any annual or quarterly report on behalf of any issuer required to be filed

with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the rules and regulations promulgated thereunder, which contains any untrue statement of material fact, which omits to state any material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or which omits to disclose any information required to be disclosed.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Daniel L. Gordon, his agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)] by failing or causing the failure of any issuer having a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] to

A. make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

B. devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary (I) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such

statements, and (II) to maintain accountability for assets; (iii) access to assets is permitted only in accordance with management's general or specific authorization; and (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Daniel L. Gordon, his agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Rule 13b2-1 [17 C.F.R. § 240.13b2-1] promulgated under Section 13(b) of the Exchange Act [15 U.S.C. § 78m(b)] by falsifying, or causing to be falsified, any book, record, or account described in Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Daniel L. Gordon, his agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)].

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Mr. Gordon is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

VII

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the provisions of the Consent are incorporated herein with the same force and effect as if fully set forth herein and that Mr. Gordon shall comply with his Consent.

VIII.

IT IS FURTHER ORDERED, that this Court shall retain jurisdiction over this action for the purpose of enforcing this Final Judgment.

DATED: ____________________, 2003

______________________________

UNITED STATES DISTRICT JUDGE

United States Courts
Southern District of Texas
ENTERED

DEC 2 2 2003

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL L. GORDON,<br><br>Defendant. | § § § § § § § § § § § § § | **H 03 5772**<br><br>Civil Action No.<br><br>**FINAL JUDGMENT AGAINST DANIEL L. GORDON** |

Plaintiff Securities and Exchange Commission ("SEC"), having filed a Complaint in this action; and the Defendant Daniel L. Gordon having waived service of process; having entered a general appearance; having consented to venue of this action; having admitted jurisdiction of this Court over him and over the subject matter of this action; having been fully advised and informed of his right to a judicial determination of this action; having waived the filing of an answer and the entry of findings of fact and conclusions of law as provided by Rule 52 of the Federal Rules of Civil Procedure; having waived any right he may have to appeal from the entry of this Final Judgment; having consented to the entry of this Final Judgment without admitting or denying any of the allegations in the Complaint, except as specifically set forth in the Consent and Undertaking of Daniel L. Gordon ("Consent"); it appearing that no notice of hearing upon entry of this Final Judgment being necessary; and the Court being fully advised in the premises;

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Daniel L. Gordon, his

#7

agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act")[15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] promulgated thereunder, directly or indirectly, by, through the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

A. employing any device, scheme, or artifice to defraud;

B. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

C. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Daniel L. Gordon, his agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 13(a) of the Exchange Act [15 U.S.C. 78m(a)] and Rules 12b-20, 13a-1, and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, & 240.13a-13] by filing or causing to be filed with the Commission any annual or quarterly report on behalf of any issuer required to be filed

with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the rules and regulations promulgated thereunder, which contains any untrue statement of material fact, which omits to state any material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or which omits to disclose any information required to be disclosed.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Daniel L. Gordon, his agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)] by failing or causing the failure of any issuer having a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] to

A. make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

B. devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary (I) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such

statements, and (II) to maintain accountability for assets; (iii) access to assets is permitted only in accordance with management's general or specific authorization; and (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Daniel L. Gordon, his agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Rule 13b2-1 [17 C.F.R. § 240.13b2-1] promulgated under Section 13(b) of the Exchange Act [15 U.S.C. § 78m(b)] by falsifying, or causing to be falsified, any book, record, or account described in Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Daniel L. Gordon, his agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)].

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Mr. Gordon is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

VII

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the provisions of the Consent are incorporated herein with the same force and effect as if fully set forth herein and that Mr. Gordon shall comply with his Consent.

VIII.

IT IS FURTHER ORDERED, that this Court shall retain jurisdiction over this action for the purpose of enforcing this Final Judgment.

DATED: December 19, 2003

[signature]

UNITED STATES DISTRICT JUDGE