Exhibit 9, Email from John Horgan, Ellenoff Law

Gmail

barry Kostiner <bkostiner@fintecham.com>

# Disclosure text

**John B. Horgan** <jhorgan@egsllp.com> Fri, Jul 23, 2021 at 7:23 PM
To: "bkostiner@fintecham.com" <bkostiner@fintecham.com>
Cc: Matthew Gray <mgray@egsllp.com>, "Benjamin S. Reichel" <breichel@egsllp.com>, Richard Baumann <rbaumann@egsllp.com>

Hi Barry,

We need to be clear: the assertion that there is no required disclosure regarding Dan Gordon is without basis in law. He is a promoter as defined by the securities laws, and as such is subject to disclosure along with officers and directors. There is no fair argument that his background is ***not*** material to an investor, and it must be disclosed fully and prominently in any public filings made by the company.

Your proposed disclosure below is insufficient; at a minimum it omits reference to the sanction Dan received for filing false declarations under oath with the bankruptcy court. We know about this part of his background; what we don't have any confidence in knowing is whether we know *everything* we'd need to disclose about Dan's background, and we need that confidence. **Specifically, we will not proceed with the representation in the absence of a full and prominent disclosure about Dan's background, and we are unable to draft any kind of disclosure in the absence of a full third-party background check of Dan**.

Given that we are in this predicament because of Dan's unwillingness to submit to a questionnaire before the original S-1 filing (or even afterwards), and the frankly disingenuous explanation for that unwillingness that we received when we inquired about it (that Dan is a "private person", as opposed to a convicted felon who was also found to have defrauded a bankruptcy court), our proposal is that we will choose a third-party background check vendor (most likely Kroll or someone similar) and the company will pay the background check fee. Once we receive and analyze that background check, we will draft a disclosure to be included in the amended S-1 (and will if possible provide you with copies of the background check itself, subject to you and Dan signing the appropriate release forms). If the company will not agree to (a) wait for the background check before any additional steps re: the public offering, (b) pay for that background check, and (c) make the full and prominent disclosure of Dan's background that we will craft after having reviewed the background check, then EGS will be unable to move forward in its representation of Sagaliam Acquisition Corp.

We note that after we craft an appropriate disclosure, we have no guarantee that Maxim will still agree to underwrite the offering, or that Nasdaq will agree to host the company's listing. Furthermore, when we speak of "disclosure", it includes a response to Nasdaq's specific inquiry into Dan's background – again, we will not make any such response in the absence of a third party background check, and if we do not respond to Nasdaq the company's listing likely will be denied on that basis.

Let us know if the company agrees to the foregoing.

Best,

JBH

----
John Brilling Horgan
Partner
**Ellenoff Grossman & Schole LLP**
1345 Avenue of the Americas, 11th Floor
New York, New York 10105
T: 212.370.1300
D: 646.895.7158
F: 212.370.7889
jhorgan@egsllp.com

On Jul 23, 2021, at 9:04 AM, bkostiner@fintecham.com wrote:

Matt thank you for getting back to me.

I don’t understand why any of this is required, given that Dan is not an officer or director.

As I mentioned in my text, perhaps creating a special committee of the board is a good solution for providing an extra layer of independence for decisions with respect to the acquisition.

It is surprising to me that we are so focused on Dan. Anyone can invest in a SPAC deal and even syndicate the sponsor equity ownership without making disclosures.

We have worked with you to structure the trust involvement in the sponsor to clarify Dan’s lack of control, and if necessary we could structure the sponsor / investor relationship to remove GLD from the S1 completely.

Our goal is to close this deal, not kill it. We are eager to work with Ellenoff constructively to structure the deal properly and provide reasonable disclosure.

All the best.

- Barry

---

**From:** Matthew Gray <mgray@egsllp.com>
**Sent:** Friday, July 23, 2021 8:48 AM
**To:** 'barry Kostiner' <bkostiner@fintecham.com>

**Cc:** Benjamin S. Reichel <breichel@egsllp.com>; Richard Baumann <rbaumann@egsllp.com>; John B. Horgan <jhorgan@egsllp.com>
**Subject:** RE: Disclosure text

Thanks Barry. We will review, but I note that it doesn't include any disclosure regarding his more recent bankruptcy fraud claim and sanctions.

<image001.gif>
<image002.png>

**Matthew A. Gray**

Partner
Ellenoff Grossman & Schole LLP

1345 Avenue of the Americas, 11th Floor

New York, NY 10105
Direct Dial: (646) 895-7194 | Mobile: (917) 686-1975

Telephone: (212) 370-1300 | Facsimile: (212) 370-7889
mgray@egsllp.com | www.egsllp.com

---

**From:** barry Kostiner [mailto:bkostiner@fintecham.com]
**Sent:** Friday, July 23, 2021 6:09 AM
**To:** Matthew Gray <mgray@egsllp.com>
**Cc:** Benjamin S. Reichel <breichel@egsllp.com>; Richard Baumann <rbaumann@egsllp.com>
**Subject:** Disclosure text

Good morning Matt.

We appreciate if you would consider using this language for your disclosure:

GLD Partners, LP was formed in 2003 ("GLD"). Daniel Gordon ("Gordon") was one of GLD's founding partners. Prior to forming GLD, Gordon entered a guilty plea in the United States District Court – Southern District of New York to a three-count information concerning certain financial crimes committed while he was an employee of Merrill Lynch. In connection with his guilty plea, Gordon also entered into a Settlement Agreement and Consent Order with the Securities and Exchange Commission whereby Gordon *inter alia* agreed not to serve as an "officer" or "director" of an entity registered pursuant to the Securities Exchange Act of 1934.

Gordon remains a partner in GLD and is the sole shareholder in GLD Management, Inc., the General Partner of GLD. Nevertheless, Gordon is (a) not an officer or director of SAC, (b) not an officer or director of the Sponsor and (c) not a member of the Sponsor nor an officer, director or member of any member of the Sponsor.

All the best.

- Barry

Privileged Information: This message, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and/or exempt from disclosure. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please delete this message, along with any attachments, from your computer. Thank you.

[Quoted text hidden]

**2 attachments**

**image001.gif**
5K

**image002.png**
7K