IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BN HOLDINGS TRUST,                §
                                  §
        Plaintiff,                §
                                  §
v.                                §   CIVIL ACTION NO. H-25-2018
                                  §
ALAN H. GINSBURG, et al.,         §
                                  §
        Defendants.               §

**MEMORANDUM OPINION AND ORDER**

BN Holdings Trust ("Plaintiff") brought this action against Alan H. Ginsburg, John Does 1-10, Doe Law Firm 1-2, and Doe Auditors 1-2, alleging securities fraud, common law fraud, a civil conspiracy under Texas law, negligent misrepresentation, breach of fiduciary duty, and unjust enrichment.[1] Pending before the court is Defendant Alan H. Ginsburg's Opposed Motion to Transfer Under 28 U.S.C. § 1404(a) ("Ginsburg's Motion to Transfer") (Docket Entry No. 25). For reasons stated below, Ginsburg's Motion to Transfer will be granted.

**I. Background**

In 2023 Plaintiff entered into a Membership Interest Purchase Agreement ("MIPA") with GLD Sponsor Member, LLC ("GLD") to acquire

---

[1]Plaintiff's Original Complaint ("Complaint"), Docket Entry No. 1, pp. 19-23. All page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

all of GLD's equity interest in Sagaliam Sponsor, LLC ("Sagaliam").[2] The MIPA contains a forum-selection clause.[3] The relevant part reads:

> Each of the Parties (i) submits to the exclusive jurisdiction of any state or federal court sitting in New York, NY, in any action or proceeding arising out of or relating to this Agreement or the transactions contemplated hereby, (ii) agrees that all claims in respect of such action or proceeding may be heard and determined in any such court and (iii) agrees not to bring any action or proceeding arising out of or relating to this Agreement in any other court.[4]

Although Daniel Gordon was the manager of GLD at the time the MIPA was signed, Plaintiff alleges that GLD improperly led them to believe Ginsburg was its beneficial owner.[5] Plaintiff also alleges that Defendants purposely misled Plaintiff into purchasing all of GLD's equity in Sagaliam by making material misrepresentations and deliberate omissions of critical information and engaging in unlawful share transfers that violated both federal and state securities laws.[6]

On May 5, 2025, Plaintiff filed this action alleging securities fraud, common law fraud, a civil conspiracy under Texas

---

[2]Membership Interest Purchase Agreement, Exhibit 1 to Complaint, Docket Entry No. 1-1, pp. 2, 6-7.

[3]Id. at 23 Section 8.13.

[4]Id.

[5]Plaintiff's First Amended Complaint ("Amended Complaint"), Docket Entry No. 27, pp. 7-9 ¶¶ 19-24.

[6]Id. at 10-11.

law, negligent misrepresentation, breach of fiduciary duty, and unjust enrichment.[7] On January 14, 2026, Ginsburg filed a motion to transfer the action to the Southern District of New York.[8] Plaintiff filed a response opposing the transfer on February 4, 2026,[9] and Ginsburg filed a reply on February 11, 2026.[10]

## II. Analysis

Ginsburg seeks to transfer this action to the United States District Court for the Southern District of New York under 28 U.S.C. § 1404(a) because the forum-selection clause contained in the MIPA is contractually valid and enforceable.[11] Although Plaintiff does not dispute that the forum selection clause is contractually valid and enforceable, Plaintiff argues that Ginsburg's Motion to Transfer should be denied because (1) the court's judgment in SEC v. Gordon, Case No. 4:03-cv-05772 (S.D. Tex.), defeats the forum-selection clause, (2) Ginsburg is not a party to the forum-selection clause and therefore cannot enforce

---

[7]Complaint, Docket Entry No. 1, pp. 19-23.

[8]Ginsburg's Motion to Transfer, Docket Entry No. 25.

[9]Memorandum in Opposition to Defendant's Motion to Transfer Venue Under 28 U.S.C. § 1404(a) ("Plaintiff's Response"), Docket Entry No. 28.

[10]Defendant Alan H. Ginsburg's Reply in Support of Motion to Transfer Under 28 U.S.C. § 1404(a) ("Ginsburg's Reply"), Docket Entry No. 29.

[11]Ginsburg's Motion to Transfer, Docket Entry No. 25, pp. 4-5.

it, (3) venue is independently proper under 28 U.S.C. § 1391(b)(2), and (4) the § 1404(a) public interest factors favor Texas as a forum.[12]

When evaluating a motion to transfer venue pursuant to a forum-selection clause, "the Court must first determine whether a contractually valid forum-selection clause exists that applies to the present case." Brown v. Federated Capital Corp., 991 F.Supp.2d 857, 860 (S.D. Tex. 2014). "If such a forum-selection clause exists, the Court must then determine whether any extraordinary circumstances unrelated to the convenience of the parties exist that warrant denial of transfer." Id. "If no such extraordinary circumstances exist, the Court should grant the motion to transfer in accordance with the forum-selection clause." Id. "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." Atlantic Marine Construction Co., 134 S. Ct. at 582.

---

[12]Plaintiff's Response, Docket Entry No. 28, pp. 5, 11-12. The fact that an independent basis for venue exists does not defeat a forum-selection clause. See Atlantic Marine Construction Co., Inc. v. United States District Court for the Western District of Texas, 134 S. Ct. 568, 582 (2013) (stating that "forum-selection clauses should control except in unusual cases"). Moreover, "the court need not conduct traditional jurisdiction or venue analyses when the parties have consented to litigation in a given forum." J.D. Fields & Co., Inc. v. Shoring Engineers, 391 F.Supp.3d 698, 706 (S.D. Tex. 2019). Because the court concludes that the forum-selection clause is contractually valid and enforceable, the court need not address whether venue is independently proper under 28 U.S.C. § 1391(b)(2). Id.

**A. The court's judgment in <u>SEC v. Gordon</u> does not defeat the forum-selection clause.**

In 2003 the Securities and Exchange Commission ("SEC") filed a complaint against Gordon for aiding and abetting Enron in a fraudulent year-end transaction.[13] This court entered a Final Judgment enjoining Gordon and "all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment" from violating the Securities Exchange Act.[14] The Final Judgment also stated that the court would retain jurisdiction over the action "for the purpose of enforcing" the Final Judgment.[15] Plaintiff argues that "[t]his Court's retained ancillary jurisdiction to enforce its 2003 Final Judgment provides an independent basis for venue that cannot be defeated by a contractual forum-selection clause."[16]

The fact that the court has jurisdiction to enforce its 2003 Final Judgment in <u>SEC v. Gordon</u> is not relevant to Ginsburg's Motion to Transfer. The court only retained jurisdiction over the SEC's case against Gordon; it did not retain jurisdiction over all legal matters that involve Gordon. Plaintiff argues that it can

---

[13]Consent and Undertaking of Daniel L. Gordon, Exhibit 8 to Amended Complaint, Docket Entry No. 27-8, pp. 3-4 ¶ 10; Final Judgment Against Daniel L. Gordon, Exhibit 8 to Amended Complaint, Docket Entry No. 27-8, p. 12.

[14]Final Judgment Against Daniel L. Gordon, Exhibit 8 to Amended Complaint, Docket Entry No. 27-8, pp. 12-15.

[15]<u>Id.</u> at 16.

[16]Plaintiff's Response, Docket Entry No. 28, p. 6.

avoid the effect of the forum-selection clause it agreed to three years ago because of a Final Judgment that is over twenty years old and to which neither Plaintiff nor Ginsburg were parties. But it is well established that "a litigant is not bound by a judgment to which [he] was not a party." Taylor v. Sturgell, 128 S. Ct. 2161, 2175 (2008); see also Martin v. Wilks, 109 S. Ct. 2180, 2184 (1989) ("A judgment or decree among parties to a lawsuit resolves issues as among them, but it does not conclude the rights of strangers to those proceedings."), superseded by statute on other grounds as stated in Langraf v. USI Film Products, 114 S. Ct. 1483 (1994).

## B. The forum-selection clause is contractually valid.

"When evaluating a motion to transfer venue, the Court must first determine whether a contractually valid forum-selection clause exists that applies to the present case." Brown, 991 F.Supp.2d at 860. To determine whether a contractually valid forum-selection clause exists, the court must look to "(1) whether the parties agreed to a contractually valid forum-selection clause, and (2) whether the present case falls within the scope of the forum-selection clause." Id. Under Fifth Circuit precedent, a forum-selection clause in a written contract is "prima facie valid and enforceable unless the opposing party shows that enforcement would be unreasonable." Kevlin Services, Inc. v. Lexington State Bank, 46 F.3d 13, 15 (5th Cir. 1995) (per curiam) (emphasis in original).

Because Plaintiff does not dispute that the forum-selection clause is contractually valid, the court finds that the forum-selection clause is contractually valid and enforceable. J.D. Fields & Co., Inc. v. Shoring Engineers, 391 F.Supp.3d 698, 706 (S.D. Tex. 2019) (holding that the forum-selection clause was enforceable because the plaintiff had "failed to carry its heavy burden of showing that the forum-selection clause [was] unreasonable").

**C.  Ginsburg can enforce the forum-selection clause.**

Although Ginsburg is not a signatory to the forum-selection clause, non-signatories are permitted to enforce forum-selection clauses "where, under the circumstances, the non-signatories enjoyed a sufficiently close nexus to the dispute or to another signatory such that it was foreseeable that they would be bound." Franlink Inc. v. BACE Services, Inc., 50 F.4th 432, 439 (5th Cir. 2022). Courts may consider "(1) common ownership between the signatory and the non-signatory, (2) direct benefits obtained from the contract at issue, (3) knowledge of the agreement generally and (4) awareness of the forum-selection clause particularly." Id. at 442.

Because Ginsburg is closely related to the dispute, it is foreseeable he would be bound by the forum-selection clause. Ginsburg was a co-owner of GLD and was named as its managing member in SEC filings at the time the parties entered into the MIPA.[17] As

---

[17]Amendment Complaint, Docket Entry No. 27, p. 8 ¶ 21.

co-owner of GLD, Ginsburg would benefit from the sale of GLD's equity in Sagaliam to Plaintiff. Moreover, the MIPA is relevant to each of Plaintiff's claims against Ginsburg. The court therefore concludes that Ginsburg can enforce the forum-selection clause under the closely related doctrine.

D. **Plaintiff has failed to show that extraordinary circumstances warrant denial of transfer.**

Since there is a contractually valid forum-selection clause, the court must "determine whether any extraordinary circumstances unrelated to the convenience of the parties exist that warrant denial of transfer." Brown, 991 F.Supp.2d at 860. Only the public interest factors of a traditional § 1404(a) analysis may be considered. Atlantic Marine Construction Co., 134 S. Ct. at 581-82. Public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam). The public interest factors "outweigh a valid forum clause only in truly extraordinary cases." Weber v. PACT XPP Technologies, AG, 811 F.3d 758, 776 (5th Cir. 2016).

Plaintiff argues that Texas has a compelling local interest in this case because (1) the Plaintiff's principal place of business

is in Texas, (2) the transaction documents were executed in Texas, and (3) this court entered a final judgment over Gordon in 2003.[18]

Although Plaintiff's principal place of business is in Texas and although the MIPA was negotiated in Texas, "a single factor purportedly weighing in favor of Texas is insufficient to demonstrate that this is a 'truly extraordinary case[]' warranting transfer." Mangoceuticals, Inc. v. Accelerated Digital Media, LLC, CIVIL ACTION NO. 3:24-CV-3116-B, 2025 WL 2977950, at *7 (N.D. Tex. Oct. 22, 2025) (quoting Weber, 811 F.3d at 776); see also In re Lloyd's Register North America, Inc., 780 F.3d 283, 294 (5th Cir. 2015) (holding that although part of the facts occurred in Texas and although there had been a similar lawsuit in a Texas federal court, those considerations were not enough to make enforcement of the forum-selection clause invalid); Doe v. Facebook, Inc., Civil Action No. H-22-0226, 2023 WL 3483891, at *10 (S.D. Tex. May 16, 2023) (holding that although part of the facts occurred in Texas, that was not enough to make enforcement of the forum-selection clause invalid); Davis v. Meta Platforms, Inc., Civil Action No. 4:22-CV-01001, 2023 WL 4670491, at *17 (E.D. Tex. July 20, 2023) (holding that when a Texas-based plaintiff brings an action against a defendant headquartered in another state, the local interest factor is neutral). Likewise, as discussed above, the fact that this court has jurisdiction to enforce its 2003 Final

---

[18]Plaintiff's Response, Docket Entry No. 28, pp. 11-12.

Judgment in SEC v. Gordon does not warrant the denial of a transfer.[19]

Plaintiff has therefore failed to establish that the public interest factors under § 1404(a) overwhelmingly disfavor transfer. Atlantic Marine Construction Co., 134 S. Ct. at 584.

### III. Conclusion and Order

For the reasons explained above, Defendant Alan H. Ginsburg's Opposed Motion to Transfer Under 28 U.S.C. § 1404(a) (Docket Entry No. 25) is **GRANTED,** and this action is **TRANSFERRED** to the United States District Court for the Southern District of New York.

**SIGNED** at Houston, Texas, on this 18th day of February, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[19]Plaintiff does not argue that any other public interest factors support the denial of a transfer.